Randall PEGLER, Appellant/Cross–Appellee,

v.

Jeanne PEGLER, Appellee/Cross–Appellant.

Nos. 93–CA–0584–MR (Direct–Appeal), 93–CA–0657–MR (Cross–Appeal).

Court of Appeals of Kentucky.

Feb. 10, 1995.

Rehearing Denied April 7, 1995.

James Gregory Clare, Mulloy, Walz, Wetterer, Fore & Schwartz, Louisville, for appellant/cross-appellee.

Charles Brooks, Jr., Louisville, for appellee/cross-appellant.

Before COMBS, GARDNER and HOWERTON, JJ.

HOWERTON, Judge.

Both parties appeal from an order of the Jefferson Circuit Court enforcing in part and amending in part a Tennessee divorce decree. Upon review of the issues presented, we affirm in part and reverse in part.

Randall and Jeanne Pegler were divorced in 1982 in Memphis, Shelby County, Tennes-

see. Two children were born of the marriage for whom Randall was ordered to pay child support at the rate of $600 per month. By agreement (which was incorporated into the divorce decree), the parties contracted that Randall would loan to Jeanne, and Jeanne would repay (as soon as she was financially able), the sum of $2,400, interest-free, for the purpose of assisting Jeanne with costs of furthering her education. Randall made the loan, Jeanne completed her schooling, and she is now a practicing CPA.

In June 1992, Jeanne instituted a Uniform Reciprocal Enforcement of Support Act (URESA) action against Randall through the Jefferson County Attorney's office. Randall responded by filing an action (1) to obtain a definitive visitation schedule, (2) to amend the Tennessee decree to allow him the tax exemption on the children on an alternating basis, and (3) to enforce that decree to obtain repayment of the $2,400 loan. Jeanne responded by seeking a modification of the 1982 child support award.

After hearing evidence from both parties, the circuit court ruled that (1) it would not require Jeanne to repay the $2,400 loan; (2) Randall was not entitled to the income tax exemption for the children in alternating years; (3) Randall was not entitled to a reduction in child support because of the higher cost of living in Hawaii and that Jeanne was entitled to an increase in child support under the guidelines; and (4) the value of Randall's free housing, furnished to him by the U.S. Navy, should not be included in computing his gross income for the purpose of determining how much child support he would be required to pay.

Randall appealed the court's ruling, and Jeanne filed a cross-appeal on the sole issue of the computation of Randall's gross income.

■ We first consider Jeanne's obligation to repay the $2,400 loan from Randall and find that the trial court abused its discretion in not requiring repayment. We are impressed with the fact that this particular term of the Tennessee decree was the direct product of the parties' bargained-for agreement. Secondly, Randall kept his end of the agreement by making the loan to Jeanne and Jeanne obviously received the benefit of her bargain—she successfully completed her schooling and launched a career which affords her and her children a comfortable living and independence.

We are not persuaded by the trial court's comments that the wording of that portion of the agreement/decree renders it "very difficult for this Court or for that matter any Court to determine at any given time that a person is financially able to pay back a loan." There are any number of ways of conducting an examination into one's financial position to determine ability to satisfy a debt. These "ways" are fact-finding in nature, and we find no evidence that the trial court made *any* inquiry into Jeanne's ability to repay before ruling that it would not require her to do so. We reverse the court's ruling on this issue. As there have been no findings as to whether she is yet "financially able to do so," we remand for the purposes of making just such a determination and to require repayment by Jeanne when she is financially able. It does appear, however, that she is now at least capable of making a repayment within a reasonable time.

■ The law is well-settled in this jurisdiction that the trial court has the discretion to allocate the tax exemption between the spouses, in spite of 26 U.S.C. § 152(e) which permits the deduction to be taken by the custodial parent. The trial court is to be guided in the exercise of its discretion by making an allocation which will best maximize the benefit of the exemption and "the amount available for the care of the children." *Hart v. Hart,* Ky.App., 774 S.W.2d 455, 457 (1989).

■ The trial court's order of February 2, 1993, is actually silent on this particular issue. Therefore, we must assume that the court's failure to address the issue therein is conclusive of its intent to deny the relief as sought by Randall and to continue the status quo as has existed since 1982 under the original Tennessee decree. Further, we believe that CR 52.04 required Randall to bring this to the trial court's attention through either a motion for additional findings of fact or a motion to alter or amend the judgment. It is not appropriate for this Court to consid-

er Randall's argument on this issue without the trial court first being afforded an opportunity to do so and make corrections or amendments as may or may not be necessary.

■ Randall next argues that he should be entitled to a downward deviation from the child support guidelines due to an increased cost of living in Hawaii. We cannot say that the court abused its discretion in this regard. The child support guidelines are geared to gross income. The trial court declined to factor in Randall's military benefits and privileges such as commissary, exchange, and housing. If cost of living (of both parents) was to be factored into the equation in determining each parent's obligation to his or her child(ren), the situation would be rendered virtually unworkable, especially in view of the increased mobility of our society and lack of uniformity throughout the world of the cost of living. We, therefore, affirm the trial court's ruling on this issue.

■ Finally, Jeanne argues that the value of the free housing furnished to Randall should have been included in the computation of his gross income, which, of course, would have had the effect of increasing his child support obligation. She cites KRS 403.212(2)(c) in support of her argument which states in pertinent part, "Expense reimbursement ... received by a parent in the course of employment ... shall be counted as income *if they are significant* and reduce personal living expenses such as ... free housing...." [Emphasis added.] While the statute appears on its face to be mandatory, some discretion remains with the trial court in determining whether such expense reimbursements are significant.

In this case, the trial court found that upon his arrival in Hawaii, Randall had to secure housing off-base for which he was given supplemental pay. However, once on-base housing became available, he moved onto the base and the supplemental pay he had been receiving ceased. The trial court determined that Randall did not have additional income because of military housing furnished him. While the military does provide its personnel with housing or in some situations allowances, housing may be for dependents, or at times space on a ship, or a tent in the field. We cannot say that the trial court abused its discretion in excluding the value of Randall's housing from his gross income, and we will not second-guess the court absent some gross error or abuse.

We reverse and remand to the trial court the issue on Jeanne's obligation to repay the $2,400 debt to Randall and affirm on the issues concerning the tax exemption, and computation of child support owed by Randall.

All concur.