**DEPARTMENT OF CORRECTIONS and Karen Defew Cronen, Appellants,**

v.

**COURIER–JOURNAL and LOUISVILLE TIMES and Deborah Yetter, Appellees.**

**COURIER–JOURNAL AND LOUISVILLE TIMES and Deborah Yetter, Cross–Appellants,**

v.

**DEPARTMENT OF CORRECTIONS and Karen Defew Cronen, Cross–Appellees.**

Nos. 94–CA–1824–MR, 94–CA–1896–MR.

Court of Appeals of Kentucky.

Jan. 26, 1996.

Barbara W. Jones, Department of Corrections, Frankfort, for Appellants/Cross–Appellees.

Jon L. Fleischaker, Deborah H. Patterson, Wyatt, Tarrant & Combs, Louisville, for Appellees/Cross–Appellants.

Before COMBS, DYCHE and SCHRODER, JJ.

DYCHE, Judge.

The Department of Corrections and Karen DeFew Cronen, the Department's Administrator of Offender Records, appeal from an order of the Franklin Circuit Court entered July 27, 1994, holding that Deborah Yetter, a newspaper reporter, and her employer, the Courier–Journal and Louisville Times Company [hereinafter "the Courier–Journal"] are entitled to access to documents in the file of inmate Roger Gilliland relating to job assignments and disciplinary reports, requested pursuant to the Kentucky Open Records Act, KRS 61.870 *et seq.* Finding no error, we affirm.

The Department of Corrections refused a September 17, 1993, request by the Courier–Journal reporter as it related to certain documents in Gilliland's file. In a letter dated September 23, 1993, Ms. Cronen stated that certain documents were exempt from inspection pursuant to KRS 61.878(1), which states in pertinent part:

> The following public records are excluded from the application of KRS 61.870 to 61.884 and shall be subject to inspection only upon order of a court of competent jurisdiction, except that no court shall authorize the inspection by any *party* of any materials pertaining to civil litigation beyond that which is provided by the Rules of Civil Procedure governing pretrial discovery....

(Emphasis ours.)

Cronen explained:

> The Department officials have been sued regarding Mr. Gilliland's employment at the Kentucky State Reformatory during

1991 and 1992 [Jarvis v. Wellman 92–0047 P(J)]. Documents relating [sic] his job assignment and any disciplinary write ups involving same are not provided pursuant to KRS 61.878(1) because the judge has stayed all discovery in this civil action.

This position was affirmed by Barbara W. Jones, General Counsel to the Department of Corrections, in a letter to Jon L. Fleischaker, counsel for the Courier–Journal, dated October 12, 1993.

Thereafter, the Courier–Journal appealed the Department's denial to the Attorney General pursuant to the provisions of KRS 61.880, and on February 25, 1994, the Attorney General issued 94–ORD–19, which held that the Department of Corrections improperly denied Yetter's request under KRS 61.878(1) and opined that the records identified in the request should be made available for immediate inspection. The Attorney General had concluded that the exception relied upon by the Department in denying the request which related to civil litigation could only be applied to "parties" to the litigation and not to a non-party such as the Courier–Journal. The Attorney General reasoned:

> [H]ad it intended [KRS 61.878(1)] to have broader scope, the Legislature could have used the term "person." We must assume that the Legislature purposely employed the narrower term.

On March 25, 1994, the Department of Corrections filed a complaint in Franklin Circuit Court asking the court to "[r]everse the Opinion of the Attorney General and define 'party' to mean any and all 'persons.'" The Courier–Journal, in its Answer, asked the court to uphold 94–ORD–19; find that the Department of Corrections wilfully withheld requested public records in violation of the law; award $25.00 for each day that the right to inspect the records was denied; and award costs including reasonable attorney fees.

The Franklin Circuit Court granted the Courier–Journal's motion for summary judgment on July 27, 1994, and in doing so held that KRS 61.878(1) could not be relied upon to deny the Courier–Journal access to the requested documents in Gilliland's file. The

court reasoned that since the newspaper is not a litigant in *Jarvis v. Wellman,* nor acting on behalf of a litigant, the exception was inapplicable. The issues of an award and costs were not addressed. This appeal followed.

On direct appeal, appellants make three arguments in support of their contention that the exception set out in KRS 61.878(1) applies to any and all persons, and not just to litigants in any pending civil action where access to records has been restricted. Those arguments are: 1) exemptions in the Open Records Act do not create the presumption of disclosure; 2) rules of statutory construction were not applied; and 3) the Franklin Circuit Court erred when it created an exception in the Open Records Act not provided for by the statute. We will briefly address appellants' arguments in the order presented.

■ First, the Department argues this Court must conduct a comparative weighing of the antagonistic interests involved herein, in accordance with *Kentucky Board of Examiners of Psychologists v. Courier–Journal and Louisville Times Company,* Ky., 826 S.W.2d 324 (1992). Specifically, it is urged that the Court evaluate the purpose and effect of the defense of qualified immunity raised in the *Jarvis* litigation and determine whether that defense and its protections, if ultimately recognized, outweigh the need for immediate public disclosure. It is our opinion, however, that this comparative weighing of interests is not necessary since it is only applicable to KRS 61.878(1)(a), the privacy exemption, which has not been asserted herein. That brings us to the main point of contention which is the definition of the word "party" as used in KRS 61.878(1) and the Courier–Journal's status as it relates to that term.

Appellants argue the rules of statutory construction were not applied by the Attorney General nor considered by the Franklin Circuit Court. It is specifically alleged by appellants that:

> By concluding that "party" as it is used in KRS 61.878(1) can only mean "party" to the litigation, the Attorney General has

applied the strict legal meaning, rather than the plain meaning of the word, which includes "a person or group of persons". In applying the more restrictive legal definition of the word "party" instead of the common, ordinary meaning of the term, the Attorney General violated the principles of statutory construction which are equally applicable to the Open Records Act. The failure of the Franklin Circuit Court to address the question avoided the critical issue in the exemption in its entirety and therefore committed clear error. Appellants cite *Beckham v. Board of Education of Jefferson County,* Ky., 873 S.W.2d 575 (1994), in support and conclude that limiting the word "party" to its more restrictive legal definition renders the exemption useless and creates an absurd result.

 Appellees, on the other hand, argue that the purpose of the exemption is to prevent litigants from using the Open Records Act to avoid civil discovery rules and since the Courier–Journal is not a "party" in the *Jarvis v. Wellman* litigation, the Attorney General and Franklin Circuit Court were correct in finding KRS 61.878(1) inapplicable. It is appellees' contention that the ordinary and plain meaning of the word "party" in the statute is just as noted by the Attorney General in 94–ORD–19:

> The term "party" is variously defined as "[a] person or group involved in a legal proceedings;" [sic] Webster's II New Riverside University Dictionary 858 (1988); "one of the litigants in a legal proceeding;" Random House Dictionary 642 (1990); "[a] person concerned or having or taking part in any affair, matter, transaction, or proceeding ... [a] party to an action is a person whose name is designated on record as plaintiff or defendant." Black's Law Dictionary 1010 (5th ed. 1979).

The Attorney General concluded that although the term may also be used informally to denote a person, it was attaching significance to the Legislature's particular word choice, which was "party" not "person."

> As with any case involving statutory interpretation, our duty is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used.

*Beckham, supra* at 577 citing *Gateway Construction Co. v. Wallbaum,* Ky., 356 S.W.2d 247 (1962). In KRS 61.871 the Legislature expressly mandates the rule of strict construction of exceptions provided for by KRS 61.878. It is in that light that we, like the Attorney General and the Franklin Circuit Court, attach similar significance to the Legislature's word choice, and conclude that since the Courier–Journal is not a "party" in the *Jarvis* litigation, KRS 61.878(1) is inapplicable and the documents requested are open for inspection pursuant to KRS 61.872.

 Appellants' final argument pertains to the Franklin Circuit Court's comment that KRS 61.878(1) would also apply to anyone attempting to obtain information for a litigant outside the rules of discovery. As noted by the trial court, those facts do not exist in this case. We find this comment to be *dicta* and as such is not reversible error.

 On cross-appeal, the Courier–Journal asks this Court to remand this case to the Franklin Circuit Court with instructions to impose a $25.00 per day penalty against the Department and award costs including attorney fees pursuant to KRS 61.882(5). We decline to do so. The Franklin Circuit Court failed to make a finding on the issue of whether the records were wilfully withheld and because this failure was not brought to the attention of the trial court by a written request for a finding on that issue, or by a motion pursuant to CR 52.02, the issue is consequently waived. *See* CR 52.04 and *Cherry v. Cherry,* Ky., 634 S.W.2d 423 (1982).

The order of the Franklin Circuit Court is affirmed.

COMBS, J., concurs.

SCHRODER, J., concurs and files a separate opinion.

SCHRODER, Judge, concurring.

I agree with the Majority's opinion, but would like to add a brief comment. If a record is subject to public disclosure under

the open records act, how can such a record be sealed as to a party in an individual action? To deny access to a party or the public in less than a class action is to frustrate the purpose of a higher law—the Kentucky Open Records Act.