KENTUCKY LOTTERY CORPORATION, Appellant,

v.

Christophe G. STEWART and Keith B. Hunter, Appellees.

and

Christophe G. Stewart and Keith B. Hunter, Cross–Appellants,

v.

Kentucky Lottery Corporation, Cross–Appellee.

Nos. 1999–CA–002961–MR, 1999–CA–003077–MR.

Court of Appeals of Kentucky.

Feb. 23, 2001.

David E. Fleenor, James D. Allen, Lexington, for Appellant/Cross-appellee, Kentucky Lottery Corporation.

Christophe G. Stewart, Keith B. Hunter, Louisville, pro se.

Before HUDDLESTON, JOHNSON, and SCHRODER, Judges.

*OPINION*

SCHRODER, Judge:

A state agency denied an open records request on the ground that the records relate to a matter in litigation and must be sought through discovery requests under the Civil Rules. The Attorney General sided with the agency, but the circuit court reversed. We opine that a public agency is not relieved of its duties under the Open Records Act simply because of actual or contemplated litigation. Hence, we affirm.

Keith B. Hunter ("Hunter") is an attorney who was representing a client in an unemployment benefits hearing against the Kentucky Lottery Corporation.[1] Due

---

1. *Edward J. Gilmore v. Kentucky Lottery Commission,* Jefferson Circuit Court, Case No. 99– CI–00650.

to a possible conflict of interest, Keith Hunter consulted with Christophe Stewart ("Stewart"), also an attorney, about working on or taking over the case in the event of an unfavorable ruling on the conflict issue. In representing the client, Hunter filed a notice of deposition with a subpoena duces tecum for certain Kentucky Lottery Commission ("Lottery") records. The Lottery sought a protective order on the deposition and filed a motion to quash the subpoena duces tecum on the grounds that there were no procedures for pretrial discovery in unemployment proceedings. Both requests were granted by the Division of Unemployment Insurance.

Subsequently, both Hunter and Stewart filed separate requests (but in their own names), under the Open Records Act for the same records requested in the subpoena duces tecum. The Lottery denied the requests on the ground that the material sought was available in discovery in a pending action. The Attorney General upheld both denials by the Lottery on the ground that the Open Records Act[2] exempts records which can be discovered through the Civil Rules when there is civil litigation.

Both attorneys filed appeals with the circuit court, which were consolidated. The Lottery argued, Stewart admitted, and the circuit court found, that both Mr. Stewart and Mr. Hunter represent the same client in proceedings before the Unemployment Commission. At the trial level, all parties agreed that there is no basic constitutional or statutory right to pretrial discovery in administrative proceedings

like that before the Division of Unemployment Insurance.[3] The circuit court then held that the Rules of Civil Procedure do not apply to unemployment proceedings; therefore the Lottery could not use KRS 61.878(1) in denying the open records request. The court ordered the Lottery to permit inspection of the records, awarded each attorney $500.00, their costs, and $1,843.75 in attorney fees to Mr. Stewart and $3,472.72 in attorney fees for Mr. Hunter.

The Lottery appealed, contending: the trial court erred because it allowed the Open Records Act to be used to circumvent the discovery process; that the court abused its discretion in awarding each attorney $500.00; and that the awards of attorney fees were improper because the requests for open records were pro se. The attorneys cross-appealed, contending the trial court erred in awarding each attorney only $500.00 in addition to attorney fees and costs.

■■■ The Open Records Act[4] requires public agencies[5] to make all public records[6] open for inspection and copying by any person, except when specifically exempted. The Lottery admits the records in question are public records that would be open for inspection except for the exemption contained in the Open Records Act which the Lottery contends excludes all records pertaining to litigation or contemplated litigation between the parties. The exemption states:

The following public records are excluded from the application of KRS 61.870 to

2. KRS 61.878(1).

3. Relying on *Starr v. Commissioner of Internal Revenue*, 226 F.2d 721 (7th Cir.1955), *cert. denied*, 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 859 (1956).

4. KRS 61.870, et seq.

5. As defined by KRS 61.870(1).

6. As defined by KRS 61.870(2).

61.884 and shall be subject to inspection only upon order of a court of competent jurisdiction, except that no court shall authorize the inspection by any party of any materials pertaining to civil litigation beyond that which is provided by the Rules of Civil Procedure governing pretrial discovery[.] [7]

We disagree with the Lottery's interpretation of the statute. That statute does not exempt or exclude all records from the open records disclosure, in favor of discovery in litigation or anticipated litigation cases, but limits the release of records specifically listed in KRS 61.878(1) to those records which parties can obtain through a court order. The gist of this wording is not to terminate a person's right to use an open records request during litigation, but to limit a court on an open records request *on excluded records,* to those records that could be authorized through a court order on a request for discovery under the Rules of Civil Procedure governing pretrial discovery. Any other interpretation would allow a nonparty (like the press, which also made a request in this case) to obtain records not exempted, while a party before an administrative agency could not obtain these same nonexempted records because administrative agencies are generally not subject to pretrial discovery.[8] This would bring about an absurd or unreasonable result which cannot be fostered by the courts.[9] "[T]he Legislature clearly intended to grant any member of the public as much right to access to information as the next." [10]

Previously, this Court held that a nonparty's request for open records otherwise required to be disclosed should be granted where there is litigation pending.[11] Although the Court's opinion did not address the issue of a party's rights under the Open Records Act during litigation, the concurring opinion suggested a party should have the same rights as a nonparty: "[t]o deny access to a party ... is to frustrate the purpose of a higher law—the Kentucky Open Records Act." [12]

The closest our Supreme Court has come to the issue is the case which involved disclosure to a nonparty of a settlement agreement in a case.[13] The parties resisted under the litigation exception of the Open Records Act and the Court held the attorney-client communications were protected, but not the documents or settlement produced.[14]

The Attorney General's Office has previously taken the position that a party to litigation has the same rights to disclosure as a nonparty:

Although there is litigation in the background of the open records request under review, the requester ... stands in relationship to the agency under the Open Records Law as any other person.

7. KRS 61.878(1).

8. *Starr v. Commissioner of Internal Revenue,* 226 F.2d 721 (7th Cir.1955), *cert. denied,* 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 859 (1956).

9. *Com., Cent. State Hospital v. Gray,* Ky., 880 S.W.2d 557 (1994); *George v. Alcoholic Beverage Control Board,* Ky., 421 S.W.2d 569 (1967); *Commonwealth v. Anderson,* Ky.App., 694 S.W.2d 465 (1985).

10. *Zink v. Commonwealth,* Ky.App., 902 S.W.2d 825, 828 (1994).

11. *Department of Corrections v. Courier–Journal & Louisville Times,* Ky.App., 914 S.W.2d 349 (1996).

12. *Id.* at 353.

13. *Lexington–Fayette Urban County Gov't. v. Lexington Herald–Leader Co.,* Ky., 941 S.W.2d 469 (1997).

14. *Id.*

The fact that he may have a special interest by reason of the litigation provides no reason to grant or deny his request to inspect the records.[15]

In a subsequent decision, the Attorney General addressed not only contemplated litigation, but a request by parties in litigation and opined:

Inspection of public records held by public agencies under Open Records provisions is provided for by statute, without regard to the presence of litigation. There is no indication in the Open Records provisions that application of the rules therein are suspended in the presence of litigation. Requests under Open Records provisions, to inspect records held by public agencies, are founded upon a statutory basis independent of the rules of discovery. Public agencies must respond to requests made under the Open Records provisions in accordance with KRS 61.880.[16]

We agree with those Attorney General's Opinions which opine that an open records request should be evaluated independently of whether or not the requester is a party or potential party to litigation, and we so hold.

■ The Lottery now argues that since Stewart and Hunter made the requests for open records in their own names, the court was not authorized to award attorney fees for work they did on their pro se requests. This argument is inconsistent with the Lottery's argument in the first issue wherein the Lottery successfully argued the requests were in fact for use in existing or contemplated litigation. The trial court agreed with the Lottery's argument, had Stewart admit such, recognized the Attorney General's findings concluded such, and found that both Mr. Stewart and Mr. Hunter represented the same client and that the requests were for use in the unemployment proceeding. That finding cannot be set aside unless clearly erroneous,[17] or if the court abused its discretion.[18] Clearly, the trial court's findings that the attorneys filed the request on behalf of their client is supported by sufficient evidence.[19] Therefore, we affirm the trial court's award of an attorney fee as authorized by the Act.[20]

■ The Lottery argues that their withholding of the records was not "willful", without any citation to law or to the record. On August 8, 1999, the trial court heard oral arguments on the attorney fees. Again on October 29, 1999, the trial court heard the Lottery's motion to reconsider, and entered a final judgment on November 22, 1999, awarding attorney fees. There was no specific request for findings on the willfulness as required by the Civil Rules.[21] Where the trial court failed to make a required finding and no request was made for specific findings, the issue is waived before the appellate court.[22] The Lottery's allegation that this issue was preserved on page 172 of the record on appeal is incorrect. The "Motion to Reconsider" and its attached "Memorandum in Support of Motion to Reconsider" contends that

---

15. OAG 82–169, p. 2.

16. OAG 89–65, p. 3.

17. CR 52.01; *State Street Bank & Trust Co. v. Heck's, Inc.*, Ky., 963 S.W.2d 626 (1998).

18. *Cherry v. Cherry*, Ky., 634 S.W.2d 423 (1982).

19. *See Adams v. Adams*, Ky.App., 565 S.W.2d 169 (1978).

20. KRS 61.882(5).

21. CR 52.04.

22. *Pegler v. Pegler*, Ky.App., 895 S.W.2d 580, 581–82 (1995).

Stewart and Hunter should not receive attorney fees because the requests are pro se. Nowhere does the motion or the memorandum attack the award of attorney fees on the basis that the conduct was not willful or that there is no such specific finding on that fact.

■ Finally, the Lottery contends that the $500.00 award to each attorney was punitive and not the exercise of per diem costs. Also, it claims that the per diem costs are discretionary, and where the Attorney General supported the Lottery's position, it was an abuse of discretion to award a per diem or punitive award. On cross-appeal, the attorneys contend the award of only $500.00 to each attorney was an abuse of discretion, that the court should have made findings as to each violation and calculated a per diem on each violation. As an appellate Court, it is a little hard for us to see how the trial court arrived at the $500.00 award to each attorney. Neither side requested the trial court make additional findings to explain how it arrived at the $500.00 award. After the judgment, the Lottery's motion to reconsider and memorandum (previously mentioned) argued that the $500.00 award was a total of per diem costs which were not warranted because it was a case of first impression, thus it had a legitimate argument for withholding the records, and even the Attorney General thought the Lottery's actions were justified. Stewart and Hunter make no citation to the record as to where their argument was preserved or even addressed by the trial court. The Open Records Act contains a provision[23]

that a court may, in its discretion, "award the person an amount not to exceed twenty-five dollars ($25) for each day that he was denied the right to inspect or copy said public record."[24] A $500.00 award could equal $25.00 a day for twenty days, on each request, or it could equal $12.50 a day for twenty days for two requests per attorney. It could be $2.50 a day for two hundred days per a single request per attorney. The original requests and the trial court's final order are over two hundred days apart.[25] The fact is however, we do not know how the trial court calculated the amount of the award and neither side asked the trial court for specific findings. At the time of trial, both parties apparently assumed (from their arguments to the trial court) that the award was a per diem calculation which was in the range permitted by law.[26] Again, under the Civil Rules,[27] the parties had an obligation to request the trial court to explain or to make a specific finding. In the absence of a request to the trial court to make such a finding, a party waives any error to the appellate Court.[28]

For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed on appeal and cross-appeal.

ALL CONCUR.

23.  KRS 61.882(5).

24.  *Id.*

25.  Original requests were April 19, 1999 and April 21, 1999, per final judgment entered November 22, 1999.

26.  KRS 61.882(5).

27.  CR 52.04.

28.  *Pegler v. Pegler,* Ky.App., 895 S.W.2d 580 (1995); *Whicker v. Whicker,* Ky.App., 711 S.W.2d 857 (1986); *Cherry v. Cherry,* Ky., 634 S.W.2d 423 (1982).