DEPARTMENT OF REVENUE, FINANCE AND ADMINISTRATION CABINET, Commonwealth of Kentucky, et al., Appellants/Cross–Appellees,

v.

Mitzi D. WYRICK, Appellee/Cross–Appellant.

Nos. 2008–SC–000468–DG, 2009–SC–000543–DG.

Supreme Court of Kentucky.

Oct. 21, 2010.

Laura Marie Ferguson, Department of Revenue, Office of Legal Services, Frankfort, KY, Counsel for Appellants/Cross–Appellees.

Deborah H. Patterson, Laurel K. Cornell, Rania Marie Basha, Sara Christine Veeneman, Wyatt, Tarrant & Combs, LLP, Louisville, KY, Counsel for Appellee/Cross–Appellant.

Opinion of the Court by Justice SCHRODER.

■ The appeal in this case deals with interpretation of KRS 61.878(1), the "civil litigation limitation" of the Open Records Law. We hold that a request for open records should be evaluated independently of whether the requester is a party or potential party to litigation. Therefore, we agree with the Court of Appeals that the circuit court erred in its application of the civil litigation limitation, and remand for reconsideration.

Appellee/Cross–Appellant Mitzi Wyrick, an attorney representing Gannett Satellite Information Network, Inc. before the Kentucky Board of Tax Appeals (Board) regarding a tax refund claim, made a discovery request of Appellant/Cross–Appellee the Department of Revenue (Revenue).[1] The Board sustained Revenue's objections to the request. Wyrick then requested nine categories of documents from Revenue, most of which were the same documents requested through discovery, under the Kentucky Open Records Law.[2] Relying on KRS 61.878(1), Revenue denied most of Wyrick's open records requests on grounds that the documents requested were materials pertaining to civil litigation

---

1. *Gannett Satellite Information Network, Inc. v. Department of Revenue,* KBTA No. K–04–R–03.

2. KRS 61.870 *et seq.*

beyond that allowed in the pretrial discovery in litigation between the same parties.

A month after the first open records request, Wyrick made a second request, this time for "all documents produced by the Revenue Cabinet in the *Johnson Controls* [*v. Com. of Kentucky, Revenue Cabinet*] litigation in the Franklin Circuit Court, Civil Action No. 00–CI–00661 [2004 WL 5471176]." The second request was denied for reasons other than the civil litigation limitation.

Pursuant to KRS 61.880, Wyrick sought review by the Attorney General of Revenue's denial of both requests. The Attorney General opined that four of the nine categories of documents from the first request were subject to open records disclosure, as well as those documents from the second request. Revenue appealed the Attorney General's determination to the Franklin Circuit Court. In its appeal, Revenue asserted that Wyrick's request for review by the Attorney General was untimely, that inspection was prohibited as beyond pretrial discovery pursuant to KRS 61.878(1), and that each of the categories for which the Attorney General authorized inspection was barred from inspection by a listed exclusion in KRS 61.878(1)(a)-(n).

The circuit court ruled in favor of Revenue, finding that the four categories of documents were excluded from disclosure by the civil litigation limitation of KRS 61.878(1). The circuit court did not make a determination as to whether the documents were excluded from the application of the Open Records Law under one of the fourteen specific exceptions provided by KRS 61.878(1)(a)-(n). The court also did

not address Wyrick's second request, nor attorney fees, but did make the judgment as to the four categories of documents final and appealable under CR 54.02(1).

On appeal, the Court of Appeals, after holding that Wyrick's request for review by the Attorney General was timely, addressed only the four categories of documents at issue from the first request. In addressing the merits, the Court of Appeals reversed and remanded to the circuit court, holding that the circuit court's first inquiry should have been whether the requested documents fell into one of the fourteen listed open records exclusions of KRS 61.878(*l* )(a)-(n), without regard to whether the requester was a party or potential party to litigation. Thereafter, this Court granted discretionary review.

█ The first issue we must address is a procedural one: the timeliness of Wyrick's request for review by the Attorney General. Revenue responded to Wyrick's first request on October 18, 2005. Wyrick's request for review was filed with the Attorney General on November 21, 2005. The Open Records Law provides that an agency's response to a request "shall constitute final agency action." [3] The Open Records Law also provides for a request for review by the Attorney General [4] or for an appeal to the circuit court, [5] although there is no timeframe given for the initial review or appeal. [6] Revenue contends that in such a case, the thirty-day deadline of KRS Chapter 13B (governing appeals of administrative decisions) should apply. [7]

We disagree. We do not believe it was a legislative oversight in not providing a

3. KRS 61.880(1).

4. KRS 61.880(2) & (5).

5. KRS 61.882.

6. However, a party who requests review by the Attorney General has thirty days from the

day that the Attorney General renders his decision to appeal that decision to the circuit court. KRS 61.880(5)(a).

7. KRS 13B.140(1).

deadline for requesting review by the Attorney General or initially appealing to the circuit court. An open records request is a *pro se* request by "any person,"[8] the basic policy of the Open Records Law being that "free and open examination of public records is in the public interest[.]"[9] We opine that the omission of a deadline for a "complaining" party to forward the request and the denial to the Attorney General is intentional (although a reviewing court could require that the request be filed within a reasonable time under the circumstances of a case). Therefore, we agree with the Court of Appeals that Wyrick's appeal to the Attorney General was timely.

█ With respect to the merits of Revenue's appeal, the Open Records Law begins with the general statement that "[a]ll public records shall be open for inspection by any person, except as otherwise provided...."[10] KRS 61.878(1) establishes exceptions to this general rule:

> The following public records are excluded from the application of KRS 61.870 to 61.884 and shall be subject to inspection only upon order of a court of competent jurisdiction, **except that no court shall authorize the inspection by any party of any materials pertaining to civil litigation beyond that which is provided by the Rules of Civil Procedure governing pretrial discovery:**

(emphasis added). KRS 61.878(1)(a)-(n) then list the fourteen categories of records excluded from disclosure.[11]

█ The emphasized section of KRS 61.878(1) is commonly referred to as the "civil litigation limitation," and it is this wording in the statute we are called upon to interpret. "In analyzing the Open Records Act ..., we are guided by the principle that 'under general rules of statutory construction, we may not interpret a statute at variance with its stated language.'"[12] "[O]ur duty is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used."[13]

The circuit court concluded that, because Wyrick was a party who had made a claim against the Commonwealth, and because the documents requested by Wyrick were not discoverable under the Rules of Civil Procedure, the documents could not be obtained through an open records request. According to the circuit court, this is true "even if the document is not 'excluded' from the application of the Open Records Law under one of the 14 subsections of KRS 61.878(1)." This interpretation, which Revenue urges us to adopt, is simply not supported by the clear language of KRS 61.878(1).

---

8. KRS 61.872(1).

9. KRS 61.871; *see also Medley v. Bd. of Educ. of Shelby County,* 168 S.W.3d 398, 402 (Ky. App.2004).

10. KRS 61.872(1).

11. KRS 61.871 requires these exceptions to be "strictly construed," and KRS 61.882(3) places the burden of proof on the public agency opposing disclosure. *See Medley,* 168 S.W.3d at 402.

12. *Hoy v. Kentucky Indus. Revitalization Auth.,* 907 S.W.2d 766, 768 (Ky.1995) (quoting *Layne v. Newberg,* 841 S.W.2d 181, 183 (Ky.1992)).

13. *Beckham v. Bd. of Educ. of Jefferson County,* 873 S.W.2d 575, 577 (Ky.1994) (citing *Gateway Construction Co. v. Wallbaum,* 356 S.W.2d 247 (Ky.1962)).

The Court of Appeals addressed this same issue in *Kentucky Lottery Corp. v. Stewart:*

> [The civil litigation limitation] does not exempt or exclude all records from the open records disclosure, in favor of discovery in litigation or anticipated litigation cases, but limits the release of records specifically listed in KRS 61.878(1) to those records which parties can obtain through a court order. The gist of this wording is not to terminate a person's right to use an open records request during litigation, but to limit a court on an open records request *on excluded records*, to those records that could be authorized through a court order on a request for discovery under the Rules of Civil Procedure governing pretrial discovery. Any other interpretation would allow a nonparty ... to obtain records not exempted, while a party before an administrative agency could not obtain these same nonexempted records because administrative agencies are generally not subject to pretrial discovery. This would bring about an absurd or unreasonable result which cannot be fostered by the courts. The Legislature clearly intended to grant any member of the public as much right to access to information as the next.[14]

The civil litigation limitation is an explanation of a court's authority to order inspection of documents otherwise exempted from disclosure under KRS 61.878(1)(a)-(n). It is **not** an exception to an agency's duty to disclose nonexempted records. And it does not allow a court to prevent disclosure of records available to the general public simply because the requesting party is involved in litigation against a public agency.

In the present case, the circuit court erred in first considering whether the civil litigation limitation excluded the materials before evaluating whether an open records exception applied. In evaluating an open records request, the test is as follows. If the requested materials are not specifically excluded from disclosure (under KRS 61.878(*l*)(a)-(n), or other applicable statutes), then the public agency must provide the materials. If one of the fourteen exemptions[15] applies, then the public agency should deny the request. However, a court of competent jurisdiction, upon request, can nevertheless grant disclosure of any document the agency refused to produce, with one qualification: if the document "pertain[s] to civil litigation" the court cannot order disclosure "beyond that which is provided by the Rules of Civil Procedure governing pretrial discovery." Even though the proceeding in the case before us is in the nature of an administrative action rather than a civil action, the agency would apply the same test and any agency denial would have to be based on a statutory or other legal exclusion.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed, and the case remanded to the Franklin Circuit Court for further proceedings consistent with this opinion.

All sitting. All concur.

---

**14.** 41 S.W.3d 860, 863 (Ky.App.2001) (emphasis in original) (footnotes, internal quotation marks, and internal brackets omitted).

**15.** KRS 61.878(1)(a)-(n).