RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001615-ME

NATHANIEL PARISH                                        APPELLANT

v.

APPEAL FROM FAYETTE FAMILY COURT
HONORABLE LIBBY G. MESSER, JUDGE
ACTION NO. 19-D-00504-001

KAITLYNN PATRICE PETTER AND
LEXINGTON-FAYETTE
URBAN COUNTY GOVERNMENT                                 APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  Appellant Nathaniel Parish appeals the Fayette Family Court's

order denying his motion to compel Appellee Lexington-Fayette Urban County

Government ("LFUCG") to produce body camera video, and appeals the order

granting Appellee Kaitlynn Patrice Petter's petition for an order of protection. For the following reasons, we affirm.

## BACKGROUND

This case stems from an interpersonal protective order ("IPO") entered on behalf of Ms. Petter. Both parties were members of a co-ed business fraternity at the University of Kentucky at the time of the incident. Following the fraternity's annual banquet on April 19, 2019, Mr. Parish and Ms. Petter attended an after-party at an apartment complex in Lexington, Kentucky. At the after-party, Ms. Petter invited certain members of the fraternity, including Mr. Parish, to her apartment, which was in the same complex as the after-party.

At Ms. Petter's apartment, she went in a room to retrieve some playing cards. Mr. Parish followed her into the room, stood between her and the door, and exposed himself to Ms. Petter while propositioning her for sex. Ms. Petter ran from that room into another room and attempted to close the door, but Mr. Parish was able to force himself into the room. A struggle ensued and Mr. Parish sexually assaulted Ms. Petter until she could escape the room with the help of friends who heard her screams. The Lexington Police Department ("LPD") responded to the scene. Based on the allegations, the police were equipped with body-worn cameras to record their investigation. No arrest was made.

On April 22, 2019, Ms. Petter filed for an IPO against Mr. Parish. The family court entered an emergency, or temporary, IPO ("TIPO"), and a hearing was scheduled for May 1, 2019. Because of the family court's schedule, however, the hearing was continued for June 26, 2019.

On May 8, 2019, Mr. Parish made an open records request ("ORR"), pursuant to KRS[1] 61.870, *et seq.*, to the LPD to obtain the incident report and body camera video from the night of the incident. LPD is a division of the LFUCG, which is the named party in this action. We will hereinafter refer to LPD as LFUCG.

On May 9, 2019, LFUCG responded and provided the public report associated with the incident. However, citing KRS 61.878(1)(h), which exempts records of ongoing law enforcement investigations from disclosure, LFUCG would not provide the body camera video of their investigation at that time.[2]

On May 13, 2019, Mr. Parish sent a notice to take the deposition of the Records Custodian for the LFUCG on May 24, 2019 at 1:00 p.m. The notice stated that records may be certified and provided in lieu of the deposition, pursuant

---

[1] Kentucky Revised Statutes.

[2] LFUCG also noted that Mr. Parish's attorney failed to file an affidavit, pursuant to KRS 61.169(1)(d), to obtain the video.

to KRE[3] 902 and CR[4] 45.  According to the parties, Mr. Parish sent a subpoena *duces tecum* to LFUCG requesting the body camera video with the notice.[5]

On May 14, 2019, LFUCG responded to the subpoena via a letter to Mr. Parish's counsel.  LFUCG stated that it was not a party to the action in which the subpoena was issued, so it would treat the subpoena as an ORR and, absent a court order, the requested video was subject to the exemptions of KRS 61.878.

In response, Mr. Parish filed a motion for the family court to compel LFUCG to produce the body camera video.  LFUCG filed a response asking the family court to deny Mr. Parish's motion because Mr. Parish did not follow the proper statutory procedure to challenge an ORR denial, and he used a subpoena to circumvent the statutory requirements of the Open Records Act ("ORA").  On May 29, 2019, the family court held a hearing in which Mr. Parish and LFUCG argued their respective positions on the production of the body camera video.  Ms. Petter took no position on the matter.

On June 11, 2019, the family court entered an order denying Mr. Parish's motion to compel.  The family court held the proper method in which to

---

[3] Kentucky Rules of Evidence.

[4] Kentucky Rules of Civil Procedure.

[5] No subpoena for the body camera video is contained within the appellate record, although none of the parties disputes its existence.  The appellate record only contains the notice to take the deposition of the LFUCG Records Custodian.

challenge the denial of an ORR is contained within the ORA and "not through this unrelated civil action where LFUCG is not a party and lacks standing."

Thereafter, Ms. Petter's petition for an IPO was heard on September 27, 2019.[6] At the hearing, Ms. Petter testified regarding the incident and her need for ongoing protection from Mr. Parish. Ms. Petter also called Aaron Mathias as a witness who testified regarding the night of the incident and how he helped Ms. Petter escape the assault. Both Ms. Petter and Mr. Mathias were cross-examined by Mr. Parish's attorney. On advice of counsel, Mr. Parish did not testify due to the ongoing criminal investigation of the allegations. Mr. Parish did not call any witnesses. After hearing closing arguments, the family court granted the IPO and found that an act of sexual assault occurred and was likely to occur again. This appeal followed.

## ANALYSIS

As an initial matter, we disagree with the family court that an ORR was the only means for Mr. Parish to obtain the body camera video. LFUCG is a public agency subject to the ORA, which provides for the "free and open examination of public records[.]" KRS 61.871. LFUCG declined to produce the body camera video under the "law enforcement exception," which excludes from

---

[6] The June 26, 2019 hearing date was continued, without objection, to September 27, 2019, because potential student witnesses had left UK for summer break and were unable to attend the June date.

disclosure: "[r]ecords of law enforcement agencies . . . that were compiled in the process of detecting and investigating statutory . . . violations if the disclosure of the information would harm the agency . . . by premature release of information to be used in a prospective law enforcement action[.]" KRS 61.878(1)(h). When an agency, such as LFUCG, denies an ORR, the requester has two ways to challenge the denial. He may ask the Attorney General to review the matter. KRS 61.880(2)(a). Or, he may file an original action in the circuit court seeking injunctive and/or other appropriate relief. KRS 61.882. The agency then bears the burden of proving that its decision to withhold the record(s) was justified under the ORA. *City of Fort Thomas v. Cincinnati Enquirer*, 406 S.W.3d 842, 848 (Ky. 2013).

But rather than pursuing any of these remedies under the ORA, Mr. Parish served a notice to take deposition and subpoena on LFUCG. This sequence may be what confused the family court and led to its error. An IPO proceeding, like a domestic violence proceeding, is a civil action. *See Wolfe v. Wolfe*, 393 S.W.3d 42, 44-45 (Ky. App. 2013); *see also* KRS 456.010, *et seq.* Civil cases, including IPO proceedings, are governed by the Rules of Civil Procedure. CR 1(2); *Wolfe*, *supra*. For discovery in civil cases, CR 26 allows parties to obtain discovery regarding any matter that is relevant and not privileged. And, pursuant to CR 45, a subpoena is one method to obtain testimony and/or produce documents

or tangible items from a nonparty, like LFUCG. *See Metropolitan Property & Cas. Ins. Co. v. Overstreet*, 103 S.W.3d 31, 45 (Ky. 2003) (nonparty witness can be required by subpoena *duces tecum* to produce documents).

Contrary to the family court's conclusion, the processes under the ORA and the Civil Rules are not mutually exclusive. Furthermore, we find no authority suggesting that the election of one remedy would necessary exclude resort to the other.[7] Simply because Mr. Parish attempted to obtain the body camera video through an ORR *before* serving the notice to take deposition and subpoena does not mean he had to challenge the denial of his ORR before seeking discovery of the video in his civil case.[8]

---

[7] In *Kentucky Lottery Corporation v. Stewart*, 41 S.W.3d 860 (Ky. App. 2001), counsel for a party to an unemployment proceeding sought to obtain documents from a state agency through the discovery process in related civil litigation. The Supreme Court held that the ORA was the exclusive remedy because administrative proceedings are not subject to the Rules of Civil Procedure. "Any other interpretation would allow a nonparty . . . to obtain records not exempted, while a party before an administrative agency could not obtain these same nonexempted records because administrative agencies are generally not subject to pretrial discovery." *Id.* at 863 (citation omitted). By contrast, the IPO proceeding in this case is clearly subject to discovery under the Civil Rules. Hence, an ORR is not the exclusive remedy to obtain the records in this case.

[8] To be clear, whether LFUCG's denial of Mr. Parish's ORR for the body camera video was appropriate is not before this Court. Indeed, Mr. Parish does not even dispute that the video is exempt from public disclosure. But, as discussed above, a public agency's response to a subpoena should be independent and separate from its response to an ORR. The reason for objecting to a subpoena should be based on the rules of discovery and not based on the ORA. Consequently, records exempt from disclosure through the ORA may still be discoverable in a civil case. *Stewart*, 41 S.W.3d at 863. The discovery of such records is just limited by "the Rules of Civil Procedure governing pretrial discovery[.]" KRS 61.878(1).

We hold that a party to litigation may seek public records from a nonparty public agency through discovery requests, including a notice to take deposition and subpoena. If the nonparty public agency objects, then the trial court must determine whether the records are discoverable or not in that case. This evaluation is independent of whether the party seeking to compel discovery is also a requester of public records under the ORA.[9]

LFUCG further complains that it cannot fully defend its rights when served with a subpoena because it is not a party to the action and, therefore, lacks standing to make legal arguments in support of its position. We disagree. When a nonparty is served with a notice to take deposition and subpoena, the nonparty may file a motion to quash in that court action even though it is not a party. *See Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 333 (Ky. 2019). In this case, Mr. Parish brought a motion to compel the body camera video instead of waiting for LFUCG to file a motion to quash the subpoena or a motion for a protective

---

[9] The Court must also question if LFUCG's decision to treat a civil subpoena as an ORR is common practice for LFUCG and if this decision may have contributed to the trial court's error. As stated, in response to Mr. Parish's notice to take deposition and subpoena, LFUCG sent a letter stating it was "elect(ing) to treat the subpoena as an open records request." Then, LFUCG cited the "law enforcement exemption" of KRS 61.878(1)(h) as the reason for not complying with the subpoena. In that letter, LFUCG cited no authority or basis for treating Mr. Parish's subpoena as an ORR. Additionally, in its response to Mr. Parish's motion to compel, LFUCG stated that this issue "has been heard several times in other divisions of the Fayette Circuit Court" and, for support, cited a case in which another circuit court division denied a party's motion to compel body camera video. LFUCG's attorney cited this same information during the May 29, 2019 hearing on the motion to compel.

order. Either way, LFUCG had a right to argue its position. And, if the family court had granted Mr. Parish's motion to compel, LFUCG would have enjoyed the right to immediately appeal that ruling. LFUCG could and did fully defend its rights in the family court and now in this Court. The subpoena process does not frustrate the rights of LFUCG as a public agency.

We next turn to LFUCG's argument that Mr. Parish circumvented the statutes that specifically govern access to "body-worn camera recordings," like the video in this case. LFUCG is referring to KRS 61.168 and KRS 61.169, which were enacted in 2018. Under these statutes, LFUCG claims Mr. Parish's attorney should have submitted an affidavit to obtain the video.

Pursuant to these statutes, conceivably, Mr. Parish could have viewed the video and his attorney could have obtained a copy of the video if she executed an affidavit.[10] As stated, however, Mr. Parish is a party in a civil case and is not bound to obtain discovery through the ORA, even though he is seeking a video which is subject to the ORA. Even under the body camera video statutes, the processes provided under the ORA do not supplant discovery under the Rules of Civil Procedure where body camera video is sought.

---

[10] KRS 61.168 and KRS 61.169 provide many requirements and exceptions to the disclosure of body camera video, so the Court cannot assume Mr. Parish would have been able to view the video or his attorney would have been able to obtain a copy of the video.

LFUCG also makes a policy argument that Mr. Parish must follow the ORA to obtain the body camera video because, otherwise, a subpoena could be used to gain sensitive information that is normally exempt under the ORA. However, the Rules of Civil Procedure also provide safeguards to protect the disclosure of sensitive information. For instance, pursuant to CR 26.03(1), "[u]pon motion by a party *or by the person from whom discovery is sought*, and for good cause shown," the family court "may make any order which justice requires to protect a party *or person* from annoyance, embarrassment, oppression, or undue burden or expense[.]" (Emphasis added.) LFUCG could have used CR 26.03(1) to seek a protective order, which could have asked the family court not to disclose the video (CR 26.03(1)(a)), to limit how and to whom the video was produced (CR 26.03(1)(b) and (c)), or to seal the discovery after production (CR 26.03(1)(f)). Under the Rules of Civil Procedure, the video could still be protected from public disclosure. *See Courier-Journal, Inc. v. McDonald-Burkman*, 298 S.W.3d 846, 848-49 (Ky. 2009) (holding a court must balance its own inherent right to control access to public records produced in discovery with the public's right of access, and this balancing is left to the discretion of the court).

In sum, the family court erred in ruling that the ORA "exemptions would become meaningless if any person could usurp them through the power of subpoena." Mr. Parish is not "any person." He is a party to a civil action who may

use the Rules of Civil Procedure to seek discovery from a party or nonparty, like LFUCG. Therefore, we conclude that the family court erred in failing to evaluate the motion pursuant to the Rules of Civil Procedure.

Nevertheless, we find this error to be harmless considering the evidence supporting entry of the IPO. Under CR 61.01,

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

An error is not prejudicial and a judgment should not be set aside "if upon consideration of the whole case it does not appear that there is a substantial possibility that the result would have been any different[.]" *Rankin v. Commonwealth*, 265 S.W.3d 227, 233 (Ky. App. 2007) (citation omitted); *see also McFall v. Peace, Inc.*, 15 S.W.3d 724, 726 (Ky. 2000).

A court may enter an IPO if, following the hearing, the court "finds by a preponderance of the evidence that dating violence and abuse, sexual assault, or stalking has occurred and may again occur[.]" KRS 456.060(1). While the family court's order denying Mr. Parish's motion to compel was based on an erroneous

-11-

presumption that the ORA controlled, Mr. Parish has not made any specific allegation of how the nondisclosure of the video affected his substantial rights.

Mr. Parish claims that, because he was unable to view the body camera video, he did not have a full evidentiary hearing at the IPO proceeding. He claims the family court's decision violated his due process rights and requires a reversal of the IPO against him. With respect to the hearing requirement, we have held that "[d]ue process requires, at the minimum, that each party be given a meaningful opportunity to be heard." *Wright v. Wright*, 181 S.W.3d 49, 53 (Ky. App. 2005) (citation omitted). A party has a meaningful opportunity to be heard where the family court allows each party to present evidence and give sworn testimony before making its decision. *Id.*

Under this standard, we cannot conclude that the family court's decision to enter an IPO was clearly erroneous or an abuse of discretion. While the family court's order denying Mr. Parish's motion to compel was based on an erroneous presumption that the ORA controlled, Mr. Parish has not made any specific allegation of how the nondisclosure of the video affected his substantial rights. He was given a meaningful opportunity to be heard and had a full evidentiary hearing. Both Mr. Parish and Ms. Petter were represented by counsel. Ms. Petter gave sworn testimony before the family court and presented Mr. Mathias as a witness. Both were subject to cross-examination by Mr. Parish's

counsel. Mr. Parish was given an opportunity to testify but declined. Even assuming that the body camera video was subject to discovery under the Civil Rules, we cannot find a substantial possibility that the result of the IPO hearing would have been any different. Therefore, any error in this regard was clearly harmless.

## CONCLUSION

For the foregoing reasons, we affirm the order of the Fayette Family Court granting Ms. Petter's petition for an interpersonal protective order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah E. Clay
Louisville, Kentucky

BRIEF FOR APPELLEE KAITLYNN
PATRICE PETTER:

Hunter Hickman
Lexington, Kentucky

BRIEF FOR APPELLEE
LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT:

Michael Sanner
Brittany Griffin Smith
Lexington, Kentucky