James B. WILSON, Plaintiff in Error,

v.

Leona Mae WILSON, Defendant in Error.

No. 37657.

Supreme Court of Oklahoma.

Oct. 8, 1957.

As Amended Oct. 21, 1957.

Rehearing Denied Nov. 6, 1957.

Fritz & Vinson, Dallas, Tex., for plaintiff in error.

Earl E. James, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This is an appeal from a district court order of September 14, 1956, of the District Court of Oklahoma County allowing attorney fees and court costs, and modifying a prior child support order of the 24th day of May, 1945, as modified by another prior order of April 27, 1951.

The first order required defendant to pay into court the sum of $102 each calendar month as support money for his three year-old daughter, Benay Wilson, and to continue such payments until the child was eighteen years of age, or until further order of the court. Defendant failed to make these payments. After an accumulation of unpaid payments in the sum of $6,879, an action was brought in the United States District Court in Dallas, Texas, where defendant was practicing his profession of dentistry, to recover that amount. Judge Mills, in the second order of April 27, 1951, in accord with an agreement between the father (defendant) and the child's mother (plaintiff) approved, as a result of the Federal Court Action, a settlement wherein defendant paid the sum of $3,500 in full settlement of the unpaid support money, and ordered defendant to pay only $50 per month until further order of the court.

The present order, which constitutes the basis of this appeal, resulted from a hearing on plaintiff's motion to increase the monthly child support payments on alleged changed conditions and necessity for such increase.

The defendant's response to plaintiff's motion alleged that he had been relieved from paying more than $50 a month by agreement with plaintiff, the mother, and previous order of the court.

Upon hearing the trial court found that there had been a change in conditions which justified an increase in the amount of monthly child support, and increased the payments to $141.40 per month, and allowed plaintiff's attorneys a fee of $150 and costs in the case.

The defendant contends that the trial court erred in overruling defendant's demurrer to the evidence, in rendering judgment against defendant without any

evidence of defendant's earning capacity or ability to pay an increased amount of child support, and in ordering an increase without any evidence showing change of condition since the last support order.

No evidence other than that of the plaintiff's was offered. The defendant, though not offering any evidence on these issues, apparently relies upon his contention that the evidence was insufficient to constitute a showing of his financial ability to pay, and/or the necessity for increasing the amount of the monthly child support payments.

■ This court is committed to the rule that an action such as the one at bar is one of equitable cognizance. The rule applicable in such situation is that this court will accord great weight to the findings of the trial court, and the judgment increasing monthly child support payments on changed conditions will not be disturbed unless it appears to be clearly against and contrary to the weight of the evidence. See West v. West, Okl., 268 P.2d 250, and cited cases.

■ The finding of the trial court that there was a change of condition was clearly justified by the evidence. When the first order allowing child support was made, the child was only three years of age, while at the time of making the last order she was fourteen years of age and in high school. Therefore, it requires more to support a child of her present age than when the first order was made.

Defendant in error asks for additional attorney fees on appeal and the expense of a brief. Said request is granted and the plaintiff in error is directed to pay to the defendant in error the additional sum of $150.00, which payment shall include the expense of briefing, same to be entered as a judgment rendered in the trial court and there enforced.

We have carefully examined the record in this case, and we cannot say that the judgment is against the clear weight of the evidence. It is unnecessary to narrate or discuss the evidence, as under the above rule the judgment must be and is affirmed.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.