2003 OK CIV APP 103

**Charlie HEES, Plaintiff/Appellee,**

v.

**Patsy HEES, Defendant/Appellant.**

**No. 97,132.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 20, 2003.

Rehearing Denied July 15, 2003.

Certiorari Granted and Modified Oct. 20, 2003.

---

Lisa Connel–Hurtt, Philip A. Hurtt, Hurtt, Roberts and Hurtt, P.C., Oklahoma City, for Appellee.

Odell D. Campbell, Larry A. Morgan, Morgan and Morgan, Inc., Oklahoma City, for Appellant.

REIF, J:

¶1   Custodial mother Patsy Hees appeals the order that modified the child support obligation of noncustodial father Charles Hees. Mother contends that the trial court erred in calculating the modification by excluding the value of father's on-base military housing from father's income.  Mother notes 43 O.S.2001 § 118(E)(3)(e) specifies that "free housing," received by a parent in the course of employment, is an in-kind payment that "shall be counted as income" in computing child support.  Mother asserts that the trial court erred as a matter of law in this regard.

¶2   In response, father points out that § 118(E)(3)(e) does not count "free housing" as income in all cases, but only when it is "significant and reduce[s] personal living expenses."  Father argues that this limitation gives a trial court discretion to determine whether "free housing" will be counted as income for child support purposes.  Father asserts that the record fails to demonstrate an abuse of discretion that would warrant reversal on appeal.

¶3   The only record concerning the issue of father's "free housing" is the order modifying support and the order denying mother's motion to reconsider.  The order modifying support states:

1.   That Defendant's Motion to Modify Child Support is hereby sustained.

2.   That Plaintiff father's monthly income is determined to be $2,844.00.

3.   That Defendant mother's monthly income is determined to be $1,813.00.

4.   That the parties' Decree of Divorce be and hereby is modified, and Plaintiff is hereby ordered to pay to Defendant mother the amount of Five Hundred Forty-seven and 17/100 Dollars ($547.17) child support per month pursuant to the Child Support Guidelines.  That the percentage for unpaid medical expenses is 61% for Plaintiff father and 39% for [Defendant] mother.

5.   That Plaintiff father, Charlie Hees, is a member of the United States Air Force and currently resides on Tinker Air

Force Base, Oklahoma, in government housing at no cost to Plaintiff.

6. As a result of Plaintiff's housing, Plaintiff does not receive a monthly housing allowance he would otherwise receive if he lived off base.

7. That said unpaid housing allowance is determine[d] not to be included in Plaintiff father's gross monthly income for purposes of child support computation.

The order denying mother's motion to reconsider further states:

1. That Plaintiff, Charlie Hees, is a member of the United States Air Force, Pay Grade E–7, and lives on Tinker Air Force Base, Oklahoma.

2. That Charlie Hees, as a member of the U.S. Air Force living on Tinker Air Force Base, receives housing for which he pays no monthly rent.

3. That the United States Air Force values such free housing at $688.00 per month, and if Plaintiff, Charlie Hees, lived off base, he would receive said $688.00 as part of his monthly income.

4. The Court therefore finds that such free housing should not be treated as in-kind payment pursuant to 43 O.S. § 118E(3)e.

5. Defendant's income for child support purposes should not be increased as a result of Plaintiff's free housing.

Reading the orders together reveals that the trial court refused to include the value of father's on-base military housing in his income, because he did not receive the "free housing" as a paid "allowance" or in some other "payment" form.

¶ 4 From the foregoing, it is clear that mother, father, and the trial court each have a different interpretation of § 118(E)(3)(e). In order to resolve this controversy, the text of this statute must be examined. The text of § 118(E)(3)(e) reads:

Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal living expenses. Such payments may include but are not limited to a company car, free housing, or reimbursed meals.

By giving "a company car" and "free housing" as examples of "expense reimbursements" or "in-kind payments" that shall be counted as income, it is reasonably clear that the legislature was not limiting income to sums paid to or on behalf of the parent. This section reflects a clear intent to treat the value of significant living expense benefits received by a parent from their employer, like free housing and transportation, as income.

¶ 5 Under this statute, the trial court is not given discretion to decide whether free housing or a company car should be or can be income. To the contrary, the trial court is given a mandatory directive to include free housing as income where the free housing is "significant and reduce[s] personal living expenses." Application of this standard to a particular case does not involve the exercise of discretion, but rather presents a question of fact.

¶ 6 Father correctly points out that "[a]n action to pay increased child support on change of condition is one of equitable cognizance [and appellate courts] will accord great weight to the findings of the trial court." *Wilson v. Wilson,* 1957 OK 236, ¶ 0, 317 P.2d 249, 250 (syllabus 1). However, it is equally true of appellate review in cases of equitable cognizance that the appellate court is "not bound either by the reasoning or the findings of the trial court" and "must render, or cause to be rendered, that judgment which in its opinion the trial court should have rendered." *Carpenter v. Carpenter,* 1982 OK 38, ¶ 10, 645 P.2d 476, 480 (footnote omitted).

¶ 7 In the instant case, this court will accord great weight to the trial court's findings concerning the parties' respective monthly incomes and the value of the monthly living allowance father would receive if he lived off base. We do so in view of the fact that the parties do not contest these findings. However, we will not follow the reasoning of the trial court nor uphold the trial court's judgment, because the trial court misinterpreted § 118(E)(3)(e). We will, therefore, cause to be rendered the judgment the trial

court should have rendered based on the correct interpretation of this statute as discussed above.

 ¶8 Accepting the finding that father's monthly income was $2,844 per month, and using the amount of the off-base living allowance ($688/month) as the value of the on-base free housing father receives, this court concludes the value of the on-base free housing was significant and reduced father's personal living expenses. Accordingly, the trial court's modified support judgment should have included the value of the on-base free housing and it was error for the trial court to find and conclude otherwise.

¶9 This Court reverses the trial court's decision to exclude the value of the on-base free housing and remands to the trial court with directions to recompute child support by including the value of father's on-base housing in his income. The recomputed child support amount shall be effective June 26, 2001, the date the motion to modify was filed. 43 O.S. 2001 § 118(E)(16)(a)(4). After recomputing the amount, the trial court shall determine the most equitable way for the father to pay the resulting child support arrearage.

¶10 AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

GOODMAN, P.J., and RAPP, J., concur.