In August 2003, Randal O. Jones ("the father") filed a petition to modify a 1998 judgment divorcing him from Judy D. Jones ("the mother") so as to award him custody of the parties' minor child, whose primary residence had been with the mother; the father later amended his petition to instead seek a modification of his child-support obligation. The trial court held an ore tenus proceeding at which the mother testified, in pertinent part, that her employer provided health-insurance coverage for her and the child at a cost of $701 per month; that she paid no portion of that cost; and that if that coverage were not provided her wages would not be increased or reduced. In its final judgment modifying the father's child-support obligation, the trial court specified that the cost to the employer of the health-insurance coverage benefiting the mother and the child would be "included as income to [the mother] and then adjusted to reflect a healthcare expense"; a CS-42 "Child Support Guidelines" form appearing in the record indicates that the trial court determined the father's child-support obligation based upon those intermediate calculations.[1]
The father appeals, contending that the trial court, in completing the Form CS-42, should not have included the employer-paid health-insurance cost in the mother's income (so as to increase her percentage share of the parties' joint income) and should not have included that cost as a "health-insurance cost" (so as to increase the "total child-support obligation"). We agree with the father; the trial court's treatment of the employer-paid health-insurance cost is inconsistent with our precedents. In Woods v. Woods, 851 So.2d 541 (Ala.Civ.App. 2002), we rejected the contention that the employer-paid portion of the premium for providing a parent's health-insurance coverage should be included in the calculation of that parent's gross income for purposes of determining child support under Rule 32, Ala. R. Jud. Admin., where the evidence indicated that the employer did not report the amount it paid to provide that health-insurance coverage as income to the parent and where no evidence indicated that that portion constituted an "expense reimbursement or in-kind payment." 851 So.2d at 547. Accord,Tatum v. Carrell, 897 So.2d 313, 321 (Ala.Civ.App. 2004) (underWoods, trial court properly disregarded undisclosed cost of mother's employer-paid health insurance in determining mother's gross income where her pay stubs did not reflect the value of that insurance as being income to her).
It is possible that the trial court's decision to include the employer-paid health-insurance cost in the mother's income and in the parties' total child-support obligation may have been based upon the trial court's interpretation of this court's per curiam opinion in Jones v. Jones, 883 So.2d 207 (Ala.Civ.App. 2003). In Jones, we held that where the trial court, in calculating child support due from an obligor parent, had allowed that parent a credit for payment of monthly health-insurance premiums with respect to payments that were voluntarily deducted from the parent's hourly salary, those premiums should also be included in the obligor parent's gross income. We quote from the pertinent portion of our holding:
 "Regardless of whether a particular payment is excludable (or deferrable or deductible) from an employee's `income' for federal or state income-tax purposes *Page 565 
(and therefore may be `excludable' from the employee's `income' as shown on his federal W-2 form), if it is a payment that [a parent] has the power either to accept or to direct as he or she sees fit — i.e., if the [parent] has the power to redirect the payment so as to cause it to be included in the [parent's] paycheck — then such amount must be included as part of that [parent's] income for the purposes of calculating the [parent's] child-support obligation."
883 So.2d at 211-12 (emphasis added). Jones, however, has no application where, as here, a parent would be paid the samewages regardless of whether the parent decided to accept or to decline employer-paid health-insurance coverage with respect to a minor child — that is, where a parent has no power to redirect payments for such coverage.
Based upon the foregoing facts and authorities, the judgment of the trial court is reversed and the cause is remanded for the recalculation of the father's child-support obligation in accordance with this opinion.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
[1] The record does not reflect a ruling on the father's postjudgment motion challenging the trial court's treatment of the cost of the health-insurance coverage, although the father's appellate brief avers that the trial court orally denied that motion.