2007 OK CIV APP 46

**Marcy Lynn DECKER,**
**Plaintiff/Appellant,**

v.

**Thomas Stan DAVIS, Defendant/Appellee.**

**No. 103,301.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

Feb. 28, 2007.

Sarah J. Kennedy, Perry, Oklahoma, for Plaintiff/Appellant.

Christopher W. Landes, Lori L. Young, Baumert, Cummings, Hiatt & Young, Ponca City, Oklahoma, for Defendant/Appellee.

DOUG GABBARD II, Presiding Judge.

¶ 1 Plaintiff, Marcy Lynn Decker (Mother), appeals from an order of the trial court which modified a prior child support order. We reverse and remand with directions.

## FACTS

¶2 Mother and Defendant, Thomas Stan Davis (Father), are the natural parents of T.L.D.B., born November 10, 1991. The parties were never married. On December 14, 1992, Mother obtained an order in a Colorado court which established Father's paternity regarding the child and required him to pay $175 per month in child support. Subsequently, Mother moved to Blackwell, Oklahoma, and Father moved to San Antonio, Texas.

¶3 On August 12, 2005, Mother filed a petition to assume jurisdiction and modify child support in the District Court of Kay County, Oklahoma. The record does not indicate any objection or other written pleading on Father's behalf, except a written entry of appearance filed by his attorney. However, on December 30, 2005, both parties appeared for a hearing on the petition, and presented witnesses and evidence. At the conclusion of the hearing, the trial court granted Mother's petition. In its order modifying child support, the trial court found that Mother's gross yearly income was $23,500, and that Father's gross yearly income was $50,000. The court also concluded that an automobile allowance that Father received from his employer should not be included in the computation of Father's gross yearly income. Using the previously referenced income numbers, the trial court applied the Uniform Child Support Guidelines to raise Father's child support to $503.88 per month. The trial court also *sua sponte* granted Father the right to claim the child for tax exemption purposes during the tax years 2005, 2006, 2008, and 2009, and granted Mother the right to claim the child for such purposes during 2007.

¶4 From this order, Mother now appeals.

## STANDARD OF REVIEW

▪ ¶5 Child support proceedings are matters of equitable cognizance. *Merritt v. Merritt*, 2003 OK 68, 73 P.3d 878. Matters relating to child support are addressed to the sound legal discretion of the trial court, and will not be reversed absent a showing of abuse of discretion, or that the decision is against the clear weight of the evidence. *Arehart v. Arehart*, 2006 OK CIV APP 4, 128 P.3d 1116.

## ANALYSIS

▪ ¶6 Mother raises two propositions of error on appeal: (1) that the trial court erred in determining Father's gross income and in failing to include his vehicle allowance as part of that income; and (2) that the court erred in awarding Father tax exemptions for the child.

¶7 Title 43 O.S.2001 § 118(E)(3)(e) provides:

> Expense reimbursements or in-kind payments received by parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal living expenses. . . .

This Court applied this statute in *Hees v. Hees*, 2003 OK CIV APP 103, 82 P.3d 107, cited by Mother, wherein the trial court refused to include the value of the father's on-base military housing in his income because he did not receive the "free housing" as a paid allowance. We stated:

> Under this statute, the trial court is not given discretion to decide whether free housing or a company car should be or can be included as income. To the contrary, the trial court is given a mandatory directive to include free housing as income where the free housing is "significant and reduce(s) personal living expenses." Application of this standard to the particular case does not involve the exercise of discretion, but rather presents a question of fact.

*Id.* at ¶5, 82 P.3d at 109. Based upon the evidence, we concluded that the off-base living allowance ($688 per month) compared to the father's income ($2,844 per month) did significantly reduce the father's living expenses and should be included as income.

▪ ¶8 In the present case, the trial court found that "the vehicle was used in his [Father's] business and it's required and they provide for it and it's not an income to him." This statement is not consistent with the language of the statute or the reasoning of *Hees*. Moreover, a party may not avoid in-

cluding such benefits as income affecting personal living expenses merely by designating them as a "business" reimbursement. *See Fitzgerald v. Sharum*, 1993 OK CIV APP 118, 857 P.2d 92. Any portion of such reimbursement which "is significant and reduce(s) personal living expenses" may be included as income under § 118.

¶ 9 Even so, in this case it is not clear that any portion of the benefit significantly reduced Father's personal living expenses. No evidence was presented that Father used the vehicle for anything other than business purposes. While Father testified that he *used* the allowance, in part, to pay for the vehicle and insurance, it is not clear that he *received* any portion of the allowance for that purpose. To the contrary, his tax returns indicate that previous business mileage deductions exceeded previous allowances. Although Father had changed jobs, and his allowance was greater, he testified that his allowance was still less than his actual expenses.

¶ 10 As the appellant, Mother has the burden of producing a sufficient record to demonstrate error. *Pracht v. Okla. State Bank*, 1979 OK 43, 592 P.2d 976. Absent a record showing otherwise, an appellate court presumes that the trial court did not err. *Hamid v. Sew Original*, 1982 OK 46, 645 P.2d 496. Based upon the record presented, we are unable to find that the trial court's decision on this issue of fact is contrary to the greater weight of the evidence.

¶ 11 Mother also claims that the trial court incorrectly determined Father's gross income for the purpose of calculating child support. In addressing this claim, 43 O.S. Supp.2005 § 118(E)(4)(a), provides for calculating "gross income" by using, whichever is most equitable:

(1) all earned and passive monthly income,

(2) all passive income, and earned income equivalent to a forty-hour work week plus such overtime and supplemental income as the court deems equitable,

(3) the average of the gross monthly income for the time actually employed during the previous three (3) years, or

(4) the minimum wage paid for a forty-hour work week.

The trial court determined that Father's gross income was $50,000 annually, or $4,166.67 monthly. In doing so, it apparently used the average of his gross income for the three previous years, as reflected in Line 1 of his W–2 Forms for 2002, 2003, and 2004 (i.e., $48,498.56, $49,000.40, and $52,156). This was improper.

¶ 12 The term "gross income" does not necessarily mean the same thing under the Oklahoma statute as it does under the Internal Revenue Code. *In re M.B. and A.B.*, 1998 OK CIV APP 35, 956 P.2d 171. Section 118(E)(2)(a)(1) defines "gross income" as including earned and passive income from any source. Under subsection (E)(2)(a)(3), "passive income" includes pensions and annuities. Father testified that he had a 401(k) Plan into which a portion of his income was placed. Because monies placed into a 401(k) Plan are not immediately taxable to Father, they are not reflected in Line 1 of the W–2 form, but are instead reflected in Lines 3 and 5 of the form (social security and medicare wages) and Line 12a of the form. Therefore, the higher amounts shown for social security and medicare calculations more accurately reflect "gross income" for purposes of calculating child support under § 118.[1]

¶ 13 The calculation of child support involves the application of mandatory, presumptive statutory guidelines. *Dept. of Human Serv. v. Glasby*, 1993 OK CIV APP 126, 858 P.2d 1291. On appeal, we must review the entire record and determine whether the trial court's support order is just and equitable. If so, we affirm. If not, we must calculate the proper amount of support. *Thrash v. Thrash*, 1991 OK 32, 809 P.2d 665. In this case, the trial court failed to state any reason for deviating from the guideline amount and the record does not support such deviation.

¶ 14 Under § 118, Father's gross income, as indicated in Lines 3 and 5 of his W–2 forms, was $51,762, $52,330 and $55,705, for the previous three tax years. Therefore, his average gross income for those years was $53,266, or $4,438.83 monthly. Although he testified to his income for the five months prior to the hearing, there was little evidence

---

1. However, the figure provided for social security and medicare wages do not include life and  health insurance premiums, if any, paid under a CAFE plan.

presented regarding his income for the preceding seven months. Moreover, although his income had increased during the preceding five months, there was no evidence produced as to whether his income would continue at that rate or vary depending upon sales commissions and incentives. Therefore, we find no equitable reason to upwardly adjust his average gross income to reflect the new job. Nevertheless, because Mother's monthly gross income was $1,958.33 and Father's monthly gross income was $4,438.83, Father's child support should have been, and hereby is, set in the amount of $527.85 per month, effective as of the date that Mother filed the petition and motion to modify. See 43 O.S. Supp.2005 § 118(E)(16)(a)(4).

¶ 15 Mother's second proposition of error claims the trial court erred in awarding the tax deductions to Father. Although Mother objects to the trial court's jurisdiction, its failure to make specific findings of fact regarding the deduction, and its alleged violation of her due process rights, we find it is unnecessary to address those issues.

¶ 16 The Internal Revenue Code presumes that the exemption for a dependent child will be taken by the custodial parent. See I.R.C. § 152(c), (d), and (e); *Hughes v. Hughes*, 35 Ohio St.3d 165, 518 N.E.2d 1213 (Ohio 1988). Nevertheless, state trial courts have consistently maintained their equitable power to award the dependent exemption to either parent. *See Hughes, id.* Our Court also has held that trial courts in this state have such authority. *Wilson v. Wilson*, 1991 OK CIV APP 79, 831 P.2d 1; *White v. Polson*, 2001 OK CIV APP 88, 27 P.3d 488. However, the award of such exemptions involves the exercise of sound discretion. The financial impact of allocating the exemption to one party or the other should be carefully considered, and the equities thereof carefully balanced.

¶ 17 Here, the trial court did not state any basis for its decision, and it is not clear that it considered the financial impact of its decision on the parties or attempted to balance the equities. In fact, the record does not support such an award. The evidence indicates a great disparity in the parties' respective incomes, and Father, who had the substantially greater income, has been paying child support for several years in an amount far less than the Child Support Guidelines would have required. There was no evidence that the ordered increase in child support would result in financial hardship to Father, or that Father otherwise had a compelling need for the tax exemptions. Yet the trial court awarded Father the right to claim all of the remaining tax exemptions for the child, except for one year. Based on the record, we conclude that the award constitutes an abuse of discretion, and it is hereby reversed.

## CONCLUSION

¶ 18 For the above and foregoing reasons, the order modifying child support is reversed and this cause is remanded with directions to the trial court to prepare a new child support guideline and order reflecting the findings and orders contained herein, and, to determine the most equitable way for Father to pay the resulting support arrearage.

¶ 19 REVERSED AND REMANDED WITH DIRECTIONS.

REIF, J., and GOODMAN, J., concur.