248 P.3d 204

**In re the Marriage of Raquel Helena PATTERSON, Petitioner/Appellant,**

v.

**Shawn Jamaal PATTERSON, Respondent/Appellee.**

**No. 1 CA–CV 10–0118.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 10, 2011.

Mushkatel & Becker, PLLC By Mathis
Becker and Zachary Mushkatel, Sun City,
Attorneys for Petitioner/Appellant.

---

1. In a separate memorandum decision, *Patterson
v. Patterson*, 1 CA–CV 10-0118, 2011 WL 493983
(Ariz.App. Feb. 10, 2011), filed simultaneously

## OPINION

NORRIS, Judge.

¶ 1 Raquel Helena Patterson ("Mother")
timely appeals from the family court's exclu-
sion of the value of Shawn Jamaal Patter-
son's ("Father's") on-base military housing
from his gross income in its child-support
calculation.[1] Interpreting the Arizona Child
Support Guidelines, Ariz.Rev.Stat. ("A.R.S.")
§ 25–320 app. § 5(A) (2007) ("Guidelines"),
we hold the court should not have excluded
the value of Father's on-base housing from
his gross income without determining wheth-
er its value was significant and reduced Fa-
ther's personal living expenses. Therefore,
we remand to the family court for it to make
this determination consistent with this opin-
ion.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 After being married to Father for nine
years, Mother petitioned the family court to
dissolve the marriage. At the time of her
petition and trial, Father was a staff ser-
geant in the United States Air Force. In her
petition, Mother requested an award of rea-
sonable child support for the couple's chil-
dren, and, at trial, she specifically requested
the court include in its calculation of Father's
gross income the value of his on-base housing
while stationed at a New Mexico Air Force
base. Father testified he lived on base and
had taken steps to continue to live on base.
Father also testified he would receive an
$876 housing allowance from the Air Force if
he lived off base.

¶ 3 The court denied Mother's request to
include the value of Father's on-base housing
in his gross income for child support. The
court rested its decision on essentially two
grounds. First, the court excluded the value
of Father's housing because Father was "not
getting it," explaining it never included the
value of employer-provided housing when the
"employer is the military." Second, the
court suggested it had excluded the value of
Father's housing because it was concerned

with this opinion, we address the other argument
Mother raised on appeal. *See* Ariz. R. Sup.Ct.
111(h); ARCAP 28(g).

the value was speculative: "[I]f [Father] lived off base, if [he] got hazardous duty—and there's all kinds of things that we would speculate on, but the base pay we know is for sure $2,996. I'll use that."

## DISCUSSION[2]

### I. Child Support

¶ 4 Mother argues the family court should have considered the value of Father's on-base housing as part of his gross income for child support. We agree. Pursuant to A.R.S. § 25–320, our supreme court has established guidelines for the determination of child support. The issue presented here—which is one of first impression in Arizona—requires us to interpret these guidelines; thus, we are presented with a question of law, which we review de novo. *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶ 21, 202 P.3d 481, 486 (App.2008) (quoting *Mead v. Holzmann*, 198 Ariz. 219, 220, ¶ 4, 8 P.3d 407, 408 (App.2000)).

¶ 5 The current Arizona Child Support Guidelines, effective January 1, 2005, define gross income as follows:

> Gross income includes *income from any source*, and may include, but is not limited to, income from salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, social security benefits (subject to Section 26), worker's compensation benefits, unemployment insurance benefits, disability insurance benefits, recurring gifts, prizes, and spousal maintenance. *Cash value shall be assigned to in-kind or other non-cash benefits.* Seasonal or fluctuating income shall be annualized. Income from any source which is not continuing or recurring in nature need not

necessarily be deemed gross income for child support purposes.

Guidelines § 5(A) (emphasis added). The Guidelines also state "[e]xpense reimbursements or benefits received by a parent in the course of employment or self-employment or operation of a business *shall be counted as income if they are significant and reduce personal living expenses.*" *Id.* § 5(D) (emphasis added).[3] The Guidelines authorize the court to deviate from the Guidelines when applying them would be "inappropriate or unjust in the particular case," when the court has considered the child's best interests in determining the amount of the deviation, and when the court makes written findings stating why it deviated and what the child-support obligation "would have been without the deviation." Guidelines § 20(A).

¶ 6 When we interpret the Guidelines "we apply the same rules of construction as are used in construing statutes." *Mead*, 198 Ariz. at 221, ¶ 8, 8 P.3d at 409. "Thus, to determine the supreme court's intent under section [5] of the Guidelines, we look first to its language," *id.*, as the "best and most reliable indicator" of its meaning. *State v. Garcia*, 219 Ariz. 104, 106, ¶ 6, 193 P.3d 798, 800 (App.2008). "We further interpret [the section] in conjunction with other provisions of the Guidelines and in light of the Guidelines' overall purpose." *Mead*, 198 Ariz. at 221, ¶ 8, 8 P.3d at 409 (citation omitted). The Guidelines include "income from any source" as gross income, and also require the cash value of "other non-cash benefits" be counted as gross income if they are "significant and reduce personal living expenses." Guidelines § 5(A), (D). Looking at the plain language, the Guidelines are broad enough to encompass Father's free on-base housing.[4]

---

**2.** Father did not file an answering brief in this case. Although we could treat his failure to file an answering brief as a confession of reversible error, in the exercise of our discretion, we have chosen to reach the merits of the issue Mother has raised on appeal. *See Nydam v. Crawford*, 181 Ariz. 101, 101, 887 P.2d 631, 631 (App. 1994).

**3.** On November 15, 2010, our supreme court adopted revised child-support guidelines, with

updated child-support schedules, to take effect June 1, 2011. Ariz. Sup.Ct. Admin. Order No.2010–116 (Nov. 15, 2010), *available at* http://www.azcourts.gov/Portals/22/admorder/Orders 10/2010–116.pdf. These revised guidelines contain identical language for the provisions we cite in this decision—sections 1(A), 5(A), 5(D), and 20(A).

**4.** At trial, Father referred to his on-base housing as "free."

¶ 7 Although no Arizona case directly deals with this issue, including "free housing" in gross income is consistent with our interpretation of the Guidelines in *Hetherington*. In *Hetherington*, we recognized that an employer's contributions to an employee's retirement plan and to other benefits such as health-insurance premiums could be included as gross income for child-support purposes if the family court finds these benefits are "significant and reduce personal living expenses." 220 Ariz. at 23, ¶¶ 27–28, 202 P.3d at 488 (quoting Guidelines § 5(D)).[5]

¶ 8 To reach this holding in *Hetherington*, we analyzed cases from other jurisdictions and concluded "most courts agree that the employment benefits that a parent receives that reduce his living expenses should be included as income to that parent for the purpose of determining the amount of child support." *Id.* at 22, ¶ 24, 202 P.3d at 487. In noting this, we cited cases from other jurisdictions that have held the trial court may include the value of employer-subsidized housing (among other benefits) in a parent's gross income. *Id.* (citing *In re Marriage of Schulze*, 60 Cal.App.4th 519, 70 Cal.Rptr.2d 488, 494–95 (1997); *Gangwish v. Gangwish*, 267 Neb. 901, 678 N.W.2d 503, 514–15 (2004); *Mobley v. Mobley*, 309 S.C. 134, 420 S.E.2d 506, 509–10 (App.1992)). Citing an Alabama case, we further noted the family court may consider whether the employee had the power either "to accept or to decline" these benefits in determining whether the employment benefit constitutes income for child-support calculations. *Id.* at 22, ¶ 24, 23, ¶ 28, 202 P.3d at 487–88 (quoting *Jones v. Jones*, 920 So.2d 563, 564–65 (Ala.Civ.App.2005)).

¶ 9 Based on our review of these and other cases, we then recognized "[t]he receipt of employment benefits that 'are significant and reduce personal living expenses' affects a parent's ability to pay child support and should be considered as income to that parent." *Id.* at 23, ¶ 27, 202 P.3d at 488 (quoting Guidelines § 5(D)). Further, we explained our holding was consistent with the purposes of the Guidelines—"[t]o establish a standard of support for children consistent with the reasonable needs of children and the ability of parents to pay." *Id.* (quoting Guidelines § 1(A)). We also recognized the family court may deviate from the Guidelines if strictly applying them would be inappropriate: for example, if a parent receives an employment benefit that would artificially inflate income. *Id.* at 23–24, ¶ 29, 202 P.3d at 488–89.

¶ 10 Inclusion of the value of on-base military housing in gross income for child support is also consistent with cases from other jurisdictions. Jurisdictions that have considered whether to include the value of on-base housing in gross income have held the family court should consider the value of the housing (rather than an actual housing allowance[6]) in its calculation *if* the value is significant and reduces personal living expenses. *See In re Marriage of Long*, 921 P.2d 67, 69 (Colo.App.1996) (non-cash benefit of on-base housing included as income because it is an in-kind payment relieving parent of a necessary expense; remanded to determine if this value constitutes a substantial change in circumstance to modify child support); *Nebraska ex rel. Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425, 435 (1998) (court may consider the value of the parent's

---

5. This court has further recognized vested but unmatured employee stock options constitute recurring "non-cash benefits" because they "represent a significant part of an employee's compensation." *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 332–33, ¶¶ 9–10, 35 P.3d 89, 93–94 (App.2001).

6. Numerous jurisdictions have included military-housing allowances in a parent's gross income for the calculation of child support because these allowances substantially increase a parent's income and constitute "income from any source." *See, e.g., Barnes v. Alabama ex rel. Cassady*, 636 So.2d 425, 427 (Ala.Civ.App.1994); *Brown v. Hines–Williams*, 2 A.3d 1077, 1083–84 (D.C.

2010); *In re Marriage of Baylor*, 324 Ill.App.3d 213, 257 Ill.Dec. 638, 753 N.E.2d 1264, 1266–67 (2001); *Louisiana, Dep't of Soc. Servs. ex rel. D.F. v. L.T.*, 934 So.2d 687, 692–94 (La.2006); *Peterson v. Peterson*, 98 N.M. 744, 652 P.2d 1195, 1198–99 (1982); *In re Marriage of Stokes*, 234 Or.App. 566, 228 P.3d 701, 703–05 (2010); *Alexander v. Armstrong*, 415 Pa.Super. 263, 609 A.2d 183, 185–87 (1992); *Hautala v. Hautala*, 417 N.W.2d 879, 881 (S.D.1988). Although the analysis in these cases broadly supports our holding here, they do not involve the precise issue presented in this case. We express no opinion on whether a military-housing allowance should be included in a parent's gross income.

military housing when determining gross income even though nontaxable); *Hees v. Hees*, 82 P.3d 107, 109 (Okla.Civ.App.2003) (court required to include on-base free housing as income if value is significant and reduces personal living expenses); *cf. Pegler v. Pegler*, 895 S.W.2d 580, 582 (Ky.Ct.App.1995) (trial court has discretion to exclude the value of on-base military housing from gross income if it determines the value is insignificant).[7]

¶ 11 Thus, based on the plain language of the Guidelines and consistent with our case law and authorities from other jurisdictions, we hold the family court should have determined the value of Father's on-base housing and considered, in the exercise of its discretion, whether that value was "significant and reduce[d] [his] personal living expenses," instead of automatically excluding it from income simply because "the employer [was] the military." As discussed above, the value of Father's on-base housing could constitute an "in-kind or other non-cash benefit[ ]" received during employment if it is significant and reduces his personal living expenses.[8]

¶ 12 Finally, as discussed above, in denying Mother's request the court may have been concerned the value or continued availability of on-base housing was speculative. The record, however, does not support the court's concern. Indeed, Father testified at trial he had been living on base and had taken steps to continue to do so. Nevertheless, in light of the court's concern about the speculative nature of the housing, on remand, the court may assess the circumstances of Father's on-base housing in determining its value and whether it should be included within Father's gross income. We are not requiring the court to include the value of on-base housing in Father's gross income on remand; rather, we simply direct the court on remand to determine whether its value is significant and reduces Father's personal living expenses.

In making these determinations, the court may also consider whether a deviation would be appropriate pursuant to Guidelines § 20(A). We therefore reverse the family court's rulings pertaining to the amount of Father's gross income and remand to the family court to determine a child-support award consistent with this opinion.

## II. *Attorneys' Fees and Costs on Appeal*

 ¶ 13 Mother requests we award her attorneys' fees on appeal pursuant to A.R.S. § 25–324 (Supp.2010). Because Mother has not given this court any current information regarding her financial resources and the record reflects that as of the date of trial the parties' financial resources were comparable, in the exercise of our discretion, we deny Mother's request for fees. We award Mother, however, her costs on appeal subject to her compliance with Arizona Rule of Civil Appellate Procedure 21.

### CONCLUSION

¶ 14 For the foregoing reasons, we reverse the family court's rulings pertaining to child support and remand to the family court to determine a child-support award consistent with this opinion. We affirm the family court's decree of dissolution in all other respects except as set forth in our memorandum decision in this matter.

CONCURRING: JOHN C. GEMMILL, and PATRICIA A. OROZCO, Judges.

---

7. Some of these jurisdictions have specifically enumerated "free housing" in their child-support statutes and guidelines as an example of "in-kind" benefits from employers that reduce personal living expenses. *See, e.g., Hees*, 82 P.3d at 109; *Pegler*, 895 S.W.2d at 582. Even jurisdictions without this enumeration, like Arizona, have construed the basic language to include free housing as gross income. *See Long*, 921 P.2d at 69; *Batt*, 573 N.W.2d at 435.

8. At trial, Father suggested he could live off base and receive a housing allowance. If, on remand, this turns out to be the case, then that would further suggest the value of Father's on-base housing constitutes gross income under the Guidelines. *See Hetherington*, 220 Ariz. at 22, ¶ 24, 202 P.3d at 487 (citing *Jones*, 920 So.2d at 564–65); *see also supra* note 6.