NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

ERIC SCOTT NARDINI-SMITH, *Petitioner/Appellee,*

*v.*

STEPHANIE LYNNE JOLLY, *Respondent/Appellant.*

No. 1 CA-CV 20-0682 FC
FILED 9-14-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-095251
The Honorable Marvin L. Davis, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Eric Nardini-Smith, Mesa
*Petitioner/Appellee*

Sirlin Law Firm, LLC, Phoenix
By Randi S. Sirlin
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1        Mother, Stephanie Lynn Jolly, appeals the superior court's order setting child support and granting father final legal decision-making over education decisions. We vacate and remand the final legal decision-making award but otherwise affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

¶2        About a year after mother gave birth to E.J.S., father, Eric Nardini-Smith, filed a petition to establish paternity, legal decision-making, parenting time, and child support. Mother did not dispute father was E.J.S.'s genetic parent.

¶3        At a parenting conference, both parents also agreed on parenting time and partially agreed on legal decision-making for medical issues. But they did not agree on education decision-making. Father requested a trial on child support and education decision-making.

¶4        After trial, the superior court granted father final education decision-making. The superior court also ordered mother to pay father $207 per month in child support and $100 per month in arrears. Mother then moved to alter and to reconsider the judgment. The superior court denied both requests.

¶5        Mother timely appealed. *See* ARCAP 9(a), (e)(1)(c). This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

**ANALYSIS**

**I.     The superior court abused its discretion when it awarded father final education decision-making without making § 25-403.A findings.**

¶6      Mother argues the superior court abused its discretion when it granted father final legal decision-making over education.

¶7      This court will affirm a superior court's ruling on "legal decision-making absent an abuse of discretion." *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). An abuse of discretion occurs when the record is "devoid of competent evidence to support the decision," or when the court commits an error of law in reaching a discretionary decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (citations omitted).

¶8      In determining legal decision-making, the superior court must consider all relevant factors bearing on the child's best interests, including the factors enumerated in A.R.S. § 25-403.A. The court also must consider the additional factors specified in A.R.S. § 25-403.01.B to determine the level of legal decision-making. In a contested custody matter, the court "shall make specific findings on the record about all relevant factors" *and* the reasons why the decision serves the child's best interests. A.R.S. § 25-403.B. Failure to make specific findings may constitute an abuse of discretion requiring reversal and remand. *See, e.g.*, *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 18 (App. 2013).

¶9      Here, father sought final education decision-making. Accordingly, it was a contested issue. But the superior court never addressed on the record any of the statutorily enumerated factors. *See* A.R.S. §§ 25-403.A, -403.01.B. By not making "specific findings on the record about all relevant factors[,]" the superior court abused its discretion. *See* A.R.S. § 25-403.B; *Owen v. Blackhawk*, 206 Ariz. 418, 421–22, ¶ 12 (App. 2003).

¶10     Mother also argues the superior court abused its discretion by awarding father final education decision-making. Because the court did not issue findings on the record, we cannot determine whether, on the merits, the superior court abused its discretion in so doing.

¶11     We vacate the education decision-making order and remand for additional findings consistent with A.R.S. §§ 25-403 and 25-403.01. *See* *Hart v. Hart*, 220 Ariz. 183, 187, ¶ 14 (App. 2009) (citing *In re Marriage of Diezsi*, 201 Ariz. 524, 527, ¶ 11 (App. 2002)). On remand, the superior court

is directed to make findings on the record for each of the statutorily enumerated factors, and for any other relevant factors.

## II. The superior court acted within its discretion in determining mother's gross income.

¶12     Mother contends the superior court abused its discretion when it ordered child support based on mother's 2018 and 2019 bank statements, but did not account for any self-employment tax, travel expenses, or business expenses.

¶13     This court reviews *de novo* the superior court's interpretation of the 2018 Arizona child support guidelines in A.R.S. § 25-320 appendix (guidelines). *Sherman v. Sherman*, 241 Ariz. 110, 113, ¶ 9 (App. 2016); *see also Patterson v. Patterson*, 226 Ariz. 356, 358–59, ¶¶ 4, 7 (App. 2011). But this court reviews a child support award for an abuse of discretion and accepts the superior court's "factual findings unless clearly erroneous." *Sherman*, 241 Ariz. at 112–13, ¶ 9.

¶14     The guidelines define self-employment income as "gross receipts minus [any] ordinary and necessary expenses required to produce income." Guidelines § 5.C. Those expenses include "one-half of the self-employment tax actually paid." *Id.*

¶15     At trial, father submitted evidence of mother's paystubs and her 2018 and 2019 bank statements. Father relied on those documents in attributing $15,159.47 in monthly income to mother. Mother gave unclear accounts of her gross income, saying she earned $3,800 in May and $5,200 in June after saying her business was basically shut down from March forward. She also said she earned $16,258.42 from January 1, 2020 through July 30, 2020, attributing the difference in monthly earnings to giving birth to her sixth child at the end of April. And though at one point mother provided documentation showing she earned $7,000 a month, she offered no further explanation for her reduced earnings from January through March.

¶16     This court defers to the superior court's "determination of witnesses' credibility and the weight to give conflicting evidence." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). Because the parents disputed mother's gross income, the superior court did not abuse its discretion by weighing the evidence and relying on mother's payment records in attributing $15,159.47 in gross monthly income to mother.

¶17      Mother failed to present evidence of her business expenses, travel expenses, or self-employment taxes. She asked father several questions about her business expenses, which he generally rebuffed. But questions are not evidence. Mother did not disclose or submit the actual amounts of her expenses. She testified she provided relevant documents to her prior counsel, though eight months passed between her counsel's withdrawal and trial. Mother bore the burden to establish her expenses and taxes paid, and had ample time to do so. *Cf. Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000) (pro se litigants are "held to the same standards expected of a lawyer"). The superior court could not deduct expenses from mother's gross income absent evidence and amounts of any expenses or taxes paid. Accordingly, mother has shown no error.

### III.    The superior court is not required to provide a total arrearage calculation.

¶18      Mother argues the superior court abused its discretion when it ordered monthly arrears without providing a total retroactive arrearage amount. We disagree.

¶19      Generally, this court reviews rulings on child support arrearages for abuse of discretion. *Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983). But this court reviews *de novo* conclusions of law, including the interpretation of statutes and the child support guidelines. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 155, ¶ 48 (App. 2009); *Sherman*, 241 Ariz. at 113, ¶ 9.

¶20      When interpreting a statute, the primary goal is to give effect to the legislature's intent, using the statute's "plain language as the best indicator of that intent." *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323, ¶ 11 (App. 2017). If the language is clear and unambiguous, courts "must give effect to that language without employing other rules of statutory construction." *Id.*

¶21      Under A.R.S. § 25-320.B, the superior court must "direct . . . the amount that the parents shall pay for the past support of the child and the manner in which payment shall be paid." The plain language of § 25-320.B does not require a total arrearage calculation. The statute only directs courts to calculate "the amount that the parents shall pay." § 25-320.B. The superior court directed the amount to be paid by ordering mother to pay $100 per month in arrears through the Support Payment Clearinghouse. Mother has shown no error. Mother may request her current, total

arrearages from the Clearinghouse, and may dispute that amount if she chooses.

## IV.    The superior court did not deprive mother of due process.

**¶22**        Mother argues the superior court erred in denying her motion to alter judgment, alleging numerous deprivations of due process. Mother has failed to show error.

**¶23**        "[D]ue process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses." *Solorzano v. Jensen*, 250 Ariz. 348, 350, ¶ 9 (App. 2020).

**¶24**        Mother did not raise her due process arguments in the superior court. Generally, this court considers arguments raised for the first time on appeal waived. *See, e.g.*, *Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 14 n.5 (App. 2007).

**¶25**        Even assuming mother preserved these issues for appeal, the superior court did not deprive her of due process. Mother cannot reasonably complain she lacked notice father would submit her bank statements to prove her gross income. Though she claims she did not receive father's exhibits or pretrial statement before trial, father's pretrial statement arrived in her mailbox before trial, and mother failed to deliver her own exhibits and pretrial statement to father before trial. Regardless, mother failed to show resulting prejudice, or how admitting her bank statements affected her "substantial rights." *See* Ariz. R. Fam. Law P. 86; *see also Davis v. Davis*, 246 Ariz. 63, 66, ¶ 10 (App. 2018).

**¶26**        The superior court gave mother multiple opportunities to present alternative evidence of her income and expenses. Mother had four months to prepare for trial, and then the superior court reset the trial, giving mother additional time. Mother could have "discovered and produced at the trial with reasonable diligence" the evidence of expenses she presented in her motion to alter judgment. *See* Ariz. R. Fam. Law P. 83(a)(1)(E).

**¶27**        We also reject mother's argument she did not have adequate notice education decision-making would be contested at trial. The parents' October 17, 2019 agreement, father's expedited motion to set, and mother's own pretrial statement each identified education decision-making and child support as the remaining disputed issues. During trial, the superior court asked and mother testified about her position on education decision-making. The superior court did not deny mother due process.

**ATTORNEY FEES ON APPEAL**

**¶28** Mother requests her attorney fees on appeal under A.R.S. § 25-324. Neither party took unreasonable positions in this appeal. After considering the relevant factors, we decline to award mother her attorney fees. In addition, mother only prevailed in seeking remand for § 25-403 findings, which father did not challenge on appeal. Accordingly, mother is not the prevailing party on appeal, and she is not entitled to her reasonable costs.

**CONCLUSION**

**¶29** We affirm the superior court's order setting child support. We vacate and remand the superior court's final decision-making order, and direct the superior court to make findings consistent with A.R.S. §§ 25-403 and 25-403.01 on remand.

